UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Shane Fritz, | ) | CASE NO. 5:20 CV 2037 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Jon Pavlik, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

**Introduction**

This is a removed *pro se* case. *Pro se* plaintiff Shane Fritz filed his complaint in the New Philadelphia Municipal Court, Small Claims Division, against defendant Jonathan R. Pavlik, Postmaster of the New Philadelphia facility of the United States Postal Service. (Doc. No. 1-1.)

The plaintiff's complaint, in its entirety, states:

> Jon Pavlik refuses to let my packages to be delivered lies why the rest of the apt. building gets there packages the disabled man does not.

(*Id*. at 2.) As relief, the plaintiff seeks $300 in damages.

The defendant removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1) on the basis that the defendant is a federal official, and on October 7, 2020, filed a motion to

dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 5.) The defendant contends the plaintiff's complaint fails to state a claim upon which he may be granted relief and that the defendant is immune from the suit on the basis of sovereign immunity. The plaintiff has not filed a response to the motion, and for the reasons stated below, the motion is granted.

## Discussion

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when factual allegations alleged are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Even a *pro se* complaint must satisfy this standard to avoid a dismissal. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, it does not meet the standard required to survive dismissal. The unclear allegations set forth in the plaintiff's one-sentence complaint are insufficient to suggest he has any plausible legal claim against the defendant upon which he may be granted relief. *See Lillard v. Shelby*

*Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, torts committed by federal governmental employees acting in their official capacities are cognizable, if at all, under the Federal Tort Claims Act (FTCA), which requires as a prerequisite that the plaintiff comply with an administrative exhaustion requirement requiring that he file a claim with the appropriate federal agency, and wait for the claim to be denied, before filing a lawsuit. *Harris v. City of Cleveland*, 7 F. App'x 452, 458, 2001 WL 345802, at *5 (6th Cir. 2001). There is no indication that the plaintiff has complied with the exhaustion requirement necessary for asserting a claim under the FTCA.

## Conclusion

Based on the foregoing, the defendant's unopposed motion to dismiss the plaintiff's complaint for failure to state a claim is granted and this action will be dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

December 29, 2020

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE